IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIMOTHY BROCKINGTON

v.   Case No. CCB-08-1713

ANTWAN LAMONT BOYKINS *et al.*

## MEMORANDUM

Plaintiff Timothy Brockington brings this action under 42 U.S.C. § 1983 alleging that defendant Antwan Boykin, a former Baltimore City police ("BPD") officer, used excessive force in a confrontation with Brockington on the evening of July 4, 2005. Prior to filing this suit, Brockington was convicted in state court of carjacking, kidnapping, and robbing Boykin on that evening. Boykin shot Brockington multiple times during the encounter, leading to permanent injuries and paralysis. In light of this court's order that the defendants are entitled to additional deposition testimony from Brockington, (ECF No. 179), Brockington has filed a motion for a limited non-disclosure order under Fed. R. Civ. P. 26(c)(1). For the reasons set forth below, Brockington's motion will be granted.

## BACKGROUND

During Brockington's first deposition, Boykin's counsel asked him what Tyrone Gross, Brockington's co-defendant in the criminal case related to his confrontation with Boykin, was retrieving from Brockington's trunk during the events leading up to Boykin's kidnapping. (Brockington Dep. at 37, 40). Upon advice of counsel, Brockington invoked his Fifth Amendment privilege. Defendant BPD subsequently filed a motion to compel, (ECF No. 146), which was denied by the court on March 29, 2013. (ECF No. 179). However, the court warned

1

Brockington that he "must answer the defendants' question if he wishes to pursue his claims without incurring a sanction." (ECF No. 178 at 13). The parties subsequently scheduled a deposition for May 23, 2013. In the hopes of resolving the tension between his Fifth Amendment privilege and the defendants' right to discovery in this case, Brockington now seeks the entry of a protective order prohibiting disclosure of his responses to non-parties.

## ANALYSIS

Under Rule 26(c), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . designating the persons who may be present while the discovery is conducted [and] requiring that a deposition be sealed and opened only on court order." The party moving for a protective order bears the burden of establishing good cause. *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 124 (D. Md. 2009). Fear of criminal prosecution based on deposition testimony may constitute "good cause." *See Nutramax Laboratories, Inc. v. Twin Laboratories, Inc.*, 32 F. Supp. 2d 331, 338-39 (D. Md. 1999); *see also, e.g., Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 297-98 (2d Cir. 1979). Brockington has sufficiently demonstrated that his fears of criminal prosecution, based on his potential answers regarding what was in his trunk on the night he was shot by Boykin, are not unfounded. Thus, he has sufficient "good cause" to be granted a protective order limiting the use and disclosure of his deposition answers. Of course, while a protective order may protect Brockington from informal prosecutorial inquiries, *see In re Grand Jury Subpoena*, 836 F.2d 1468, 1473 (4th Cir. 1988), it will not, as he acknowledges, provide him "immunity" from prosecution or a shield from a grand jury subpoena, *see id.* at 1478; *see also In re Grand Jury Subpoena*, 646 F.3d 159, 168 (4th Cir. 2011).

The defendants do not argue that they will be prejudiced in this matter by entry of the requested protective order. Instead, they make two related and unavailing arguments. First, they argue that the doctrine of *Younger* abstention bars a protective order because it requires federal courts "to abstain from enjoining . . . an ongoing state criminal *proceeding*." (Defs.' Opp. Mem., ECF No. 189-1, at 6) (emphasis added). While federal actions that are "duplicative," that are "disruptive of the State's important interests" and that are "designed to annul the results of [a] state trial," may be barred even if they come after a state "proceeding" has entirely ended, *Younger* abstention has no bearing on Brockington's request for a protective order because such an order will have no effect on any pending or prior state court proceeding. *See Moore v. City of Asheville, N.C.*, 396 F.3d 385, 394-95 (4th Cir. 2005) (quotations omitted). Second, and relatedly, the defendants argue that a protective order will violate principles of federalism and separation of powers because the court does not have authority in the Fourth Circuit to grant "immunity" from prosecution, as that is a state or executive branch power. *See In re Grand Jury Subpoena*, 836 F.2d at 1475. As Brockington recognizes, however, the court's granting of a protective order here will not provide him with immunity from prosecution. It will only prevent informal disclosure to authorities. *See id.* at 1478 (suggesting that "the interest in protecting efficient resolution of civil disputes outweigh[s] the interest of the government in effective law enforcement when such interest was expressed 'simply by picking up the telephone or writing a letter to the court'"). Furthermore, if this case proceeds to trial, the court expects to confer further with counsel about the relevance of any designated "protected information" and the consequences of making such information public at trial.

## CONCLUSION

For the reasons stated above, the court will grant Brockington's motion for a limited non-disclosure order.

A separate Order follows.

_5/22/13_
Date

_/s/ CCB_
Catherine C. Blake
United States District Judge